IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DOMINIQUE POLLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DECA DENTAL MANAGEMENT, LLC d/b/a DECA DENTAL GROUP,<br><br>Defendant. | Case No. 6:26-cv-00102<br><br>Defendant's Memorandum in Response to Plaintiff's Opposition to Defendant's Motion to Dismiss the Putative Class Action Complaint, or in the Alternative, Motion to Strike the Putative Class Allegations |

DECA Dental Management d/b/a DECA Dental Group ("Defendant" or "Ideal Dental"), by its counsel, respectfully submits this memorandum[1] in response to Plaintiff's Opposition (ECF No. 38) to Defendant's Motion to Dismiss the Putative Class Action Complaint, or in the alternative, Motion to Strike the Putative Class Allegations (ECF No. 37).

## I. THE LAWSUIT MUST BE DISMISSED PURSUANT TO RULE 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF LACKS ARTICLE III STANDING TO SUE.

[1] By submitting this reply brief, Defendant denies all of the arguments and allegations contained in Plaintiffs' Opposition, even if not specifically addressed herein.

Plaintiff argues in the Opposition that she has Article III standing to sue based upon the allegation in the Complaint that "Defendant intercepted [her] communications with the Website regarding her dental appointment booking and contemporaneously transmitted them, with personal identifiers to Google." *See* Opposition, pg. 4. However, this argument was recently rejected in *Herzman v. Smile Brands Inc.,* which involved an identical lawsuit filed by Plaintiff's counsel against a dental service provider. *See Id.,* No. 25-CV-03400-H-BLM, 2026 WL 1110698, at *1 (S.D. Cal. Apr. 23, 2026). Crucially, in ruling that plaintiff lacked Article III standing to sue and dismissing the lawsuit for lack of subject matter jurisdiction, the court held that:

> Plaintiff's complaint is devoid of specific factual allegations explaining what was actually disclosed to Defendant and what Defendant then allegedly disclosed to Google. Plaintiff alleges in a conclusory manner that on or about October 2024, he made an appointment using Defendant's website for "dental services" at Defendant's…location in Oceanside, California. However, the complaint contains no allegations explaining what information Plaintiff disclosed to Defendant when he made this appointment. Indeed, in the complaint, Plaintiff concedes that this information was "intentionally omitted." Without this information the Court cannot assess whether the information disclosed caused a sufficient "concrete" harm that is "similar to the 'highly offensive' interferences or disclosures that were actionable at common law."
>
> In the complaint, Plaintiff also alleges that, unbeknownst to him, Defendant then disclosed his "protected health information" (PHI) – "including the specific details about his dental appointments" – to Google for targeting advertising purposes. Plaintiff also alleges that Defendant intercepted and disclosed to Google "personally identifiable information" (PII) sufficient to identify Plaintiff as the precise individual booking dental appointments. But, again, Plaintiff does not

> specifically allege what was disclosed to Google. Plaintiff's bare allegations that “protected health information” and “personally identifiable information” were disclosed to Google is nothing more than legal conclusions cast in the form of factual allegations, and the Court need not accept them as true in deciding this motion to dismiss. *See* Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (“[T]he allegations are conclusory and not entitled to be assumed true.”); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (A court need not “assume the truth of legal conclusions merely because they are cast in the form of factual allegations”).

*Id*. Here, the lawsuit must be dismissed for the same reasons identified above because Plaintiff's counsel uses, *verbatim*, the same cookie cutter complaint as that filed in *Smile Brands*. *See* Complaint, ¶ 9, fn. 3 (admitting that "specific dental services received by Plaintiff have been intentionally omitted[.]"); ¶ 10 (conclusory alleging that "Defendant disclosed her PHI—including the specific details about her dental appointments—to Google for targeted advertising purposes.").[2]

## II. THE ECPA CLAIM MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM BECAUSE THE

[2] Plaintiff lastly argues that the lawsuit should not be dismissed because the "Complaint details, with example screenshots, the specific data fields transmitted[.]" Opposition, pg. 4. However, the court in *Smile Brands* dismissed the complaint even though it contained similar screenshots as here for the reasons explained above. Here, the screenshots do not demonstrate that Plaintiff's unique information was transmitted. Rather, that screenshots are based upon the hypothetical experience of a fictitious Website visitor.

**PARTY EXCEPTION IS NOT DISPLACED BY THE CRIME-TORT EXCEPTION.**

Within the Opposition, Plaintiff does not dispute that Defendant was a party to the alleged electronic communications on the Website. Rather, Plaintiff argues the crime-tort exception applies because "Defendant…intercepted and disclosed Plaintiff's PHI to Google in violation of clear pronouncements by the FTC and the Department of Health and Human Services[.]" *Id*., pg. 13. However, this argument was recently rejected in *Nichols v. Peacehealth Networks on Demand LLC,* which also involved an identical lawsuit filed by Plaintiff's counsel against a healthcare provider. *See Id*., No. 2:25-CV-01831-JHC, 2026 WL 607763, at *1 (W.D. Wash. Mar. 4, 2026). Crucially, in holding that the "crime-tort exception does not apply" and dismissing Plaintiff's ECPA claim, the court held that:

> Although Plaintiff states that Defendant "intended to violate" HIPAA and "disclosed HIPAA-protected health information to unauthorized third parties," the Complaint does not plead any facts to support these conclusory statements. For example, the Complaint repeatedly states that the information was intercepted for "targeted advertising purposes" and that the disclosure itself was unlawful, but it never states that Defendant disclosed Plaintiff's PHI for an unlawful purpose. The Complaint also does not specify what HIPAA-protected information was allegedly disclosed, nor whether such information was criminally and tortiously used, accessed, or otherwise implicated after the initial disclosure. The Court thus does not find that the Complaint pleads "sufficient facts to support an inference that the offender intercepted the communication *for the purpose* of a tortious or criminal act that is *independent* of the intentional act of recording or interception itself.'"

*Id*., at *3–4. Plaintiff's argument was also recently rejected in *Rusow v. Skinspirit Essential LLC*, yet another identical lawsuit filed by Plaintiff's counsel against a healthcare entity. *See Id*., No. 24-CV-09317-CRB, 2025 WL 4657637 (N.D. Cal. Oct. 15, 2025). Similarly, in holding that plaintiff "allege[d] no independent criminal or tortious intent" and dismissing Plaintiff's ECPA claim, the court stated that:

> Plaintiffs' allegations…undermine any assertion that [defendant's] purpose in intercepting data was criminal or tortious. These paragraphs allege that [defendant's] purpose was "to monetize that data for targeted advertising." Even if [defendant] in fact committed an invasion of privacy tort…Plaintiffs do not allege that it did so for the express purpose of committing that tort…
>
> [ ]
>
> Furthermore, Plaintiffs' arguments "plainly fail because the alleged tortious or criminal activities are not independent from the intentional act of intercepting; they are the interception itself."…For the crime-tort exception to apply, Plaintiffs must allege that [defendant] had an "independent criminal or tortious purpose at the time" the interceptions were made…Plaintiffs allege no independent criminal or tortious intent; they accordingly fail to state a valid claim under the ECPA

*Id*., at *15. Here, the lawsuit must be dismissed for the reasons explained above because using the same cookie cutter complaint, Plaintiff unsubstantially alleges that Defendant used the tracking technologies "for targeted advertising purposes" in "pursuit of profit", rather than to commit a crime or tort. *See* Complaint, ¶¶ 2, 85, 136; *see also T.D. v. Piedmont Healthcare, Inc.*, No. 1:23-Cv-5416, 2024 WL 5284883 at *3 (N.D. Ga. Dec. 10, 2024) (dismissing ECPA claim where the crime-tort exception did not apply).

**III. ALTERNATIVELY, THE PUTATIVE CLASS ALLEGATIONS MUST BE STRICKEN BECAUSE THE PUTATIVE CLASS DEFINITION IS BROAD AND INCLUDES UNINJURED MEMBERS THAT DO NOT HAVE A GOOGLE ACCOUNT.**

In the Opposition, Plaintiff argues that putative class allegations should not be stricken because "Plaintiff has given Defendant ample notice of the nature and scope of her individual claims and those of the proposed class[.]" Opposition, pg. 18. Notwithstanding, Plaintiff fails to address Defendant's argument in its opening brief that the putative class definition is overly broad because it includes members that do not have a Google account. Furthermore, Plaintiff fails to cite to any cases which has certified a class in the context of online tracking litigation. In contrast, numerous courts have denied class certification for failure to satisfy the Rule 23 requirements. *See Doe v. MedStar Health, Inc.,* No. 24-C-20-000591, 2023 WL 4931348, at *1 (Md. Cir. Ct. Mar. 10, 2023); *Martinez v. D2C, LLC*, No. 23-21394-CIV, 2024 WL 4367406 (S.D. Fla. Oct. 1, 2024); *Doe v. Adventist Health Care Network, Inc.,* No. 22STCV36304, 2025 WL 1797226 (Cal.Super. Feb. 14, 2025); *In re Meta Pixel Tax Filing Cases Meta Platforms, Inc.,* No. 22-CV-07557-PCP, 2026 WL 1025741, at *1 (N.D. Cal. Mar. 30, 2026); *Ingraham v. Capital One Financial Corporation.,* No. 24-CV-05985-TLT, 2026 WL 1759155 (N.D. Cal. June 16, 2026). Notably, in *Capital One*, the court held that plaintiff was unable to satisfy the commonality and predominance requirements of Rule 23 because the "privacy claims…depend on an individualized assessment of each prospective [class members'] interactions with the

tracking technology and the amount and type of information" collected, stored, transmitted, and disclosed to third parties. *Id.*, 2026 WL 1759155, at *6. The court further held that "[a]ny inquiry into…consent[3] would require the Court to evaluate to which of the various sources each individual user had been exposed and whether each individual knew about and consented to the interception based on the sources to which she was exposed." *Id.*, at *7.

## IV. CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court dismiss the lawsuit in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Alternatively, Defendant respectfully requests that this Court strike the putative class allegations pursuant to Fed. R. Civ. P. 12(f) and 23. Defendant further requests all other relief as this Court deems just and equitable.

---

[3] Plaintiff concedes that issues regarding consent requires individualized proof regarding "actual notice or inquiry notice", including "the screens" each class member "allegedly saw while booking [their appointment] (i.e., the user flow), the location or visibility of any link to the Privacy Policy on those screens, the precise language presented to [each class member], or any record that [the class member] affirmatively assented to the Privacy Policy (as opposed to merely toggling marketing preferences). *See* Opposition, pg. 9.

RESPECTFULLY submitted this 15th day of July, 2026.

**WOOD, SMITH, HENNING &
BERMAN LLP**

By: */s/ Sander R. Weiner*
Sander R. Weiner
Christopher J. Seusing *(pro hac vice forthcoming)*
Sean V. Patel (*pro hac vice forthcoming*)
1501 S. Church Avenue, Suite 200
Tampa, Florida 33629
Tel: (813) 422-6910
Fax: (813) 425-6983
Email: sweiner@wshblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2026, I presented the foregoing, **Defendant's Memorandum in Response to Plaintiff's Opposition to Defendant's Motion to Dismiss the Putative Class Action Complaint, or in the Alternative, Motion to Strike the Putative Class Allegations**, to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of the filing to the following:

All Parties/Counsel of Record

*/s/ Sander R. Weiner*